**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| BTQ Technologies Corporation, et al., | No. CV-26-02485-PHX-SHD |
| Plaintiffs, | **ORDER** |
| v. | |
| Namecheap Incorporated, | |
| Defendant. | |

Upon consideration of Plaintiffs BTQ Technologies Corp. and BTQ AG's ("Plaintiffs" or "BTQ") Application for Temporary Restraining Order ("TRO"), (Doc. 2), the Court finds that Plaintiffs have raised "serious questions going to the merits" of their claims and that "the balance of hardships tips sharply in [Plaintiffs'] favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011). Plaintiffs have also demonstrated a likelihood of irreparable harm and that a TRO is in the public interest. *See id.* The TRO application will therefore be **granted in part** as outlined below.

The Court further finds that Third Party Nicolas Roussy Newton is not a required party under Rule 19(a) because joinder of Roussy Newton would divest the court of subject matter jurisdiction for lack of diversity. Fed. R. Civ. P. 19(a) (defining a required party as one "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction"). If Roussy Newton believes he has an interest in this litigation, he may move to intervene under Rule 24. *See* Fed. R. Civ. P. 24.

///

Accordingly,

**IT IS ORDERED** that the Application for a TRO (Doc. 2) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED THAT:**

(a) Defendant Namecheap, Inc. ("Namecheap") shall immediately restore the domains <btq.com> and <qcim.com> to their last known operational status quo;

(b) Namecheap shall immediately cease permitting Nicolas Roussy Newton, to access or in any way exercise control over the domains <btq.com> and <qcim.com>;

(c) Namecheap shall not transfer the Registrant Account to Plaintiffs without further order from this Court;

(d) Within 24 hours of the entry of this Order, Plaintiffs shall file a status report informing the Court whether it believes that Namecheap has complied with the terms of this Order; and

(e) Plaintiffs shall provide a copy of this Order to Roussy Newton within 48 hours of the entry of this Order.

**IT IS FURTHER ORDERED** setting a hearing on the pending Motion for Preliminary Injunction, (Doc. 2), on **Wednesday, May 6, 2026, at 10:00 a.m.**, in Courtroom 502, 401 West Washington Street, Phoenix, AZ 85003.

**IT IS FURTHER ORDERED** that Plaintiffs shall post a nominal bond of one hundred dollars ($100.00) for the domain names at issue because even if Namecheap ultimately prevails, the evidence indicates that Namecheap would potentially suffer only minimal, if any, damage by the issuance of this temporary restraining order. *See* Fed. R. Civ. P. 65(d).

///

///

///

///

- 2 -

**IT IS FINALLY ORDERED** that absent further order from the Court, the TRO shall remain in place through **Wednesday, May 6, 2026**.[1]

Dated this 14th day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

---

[1] "When a TRO is issued with notice and after a hearing . . . the 14-day limit for TROs issued without notice does not apply." *See Miller v. Heimuller*, 2023 WL 2474345, at *2 n.1 (D. Or. 2023). "Nevertheless, absent consent of the parties, a court may not extend a TRO indefinitely, even upon notice and a hearing." *Id.* (citation modified). Thus, courts should schedule a preliminary injunction hearing no later than 28 days after the date that the court first issues a noticed TRO. *See* Fed. R. Civ. P. 65(b)(2).

- 3 -