**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BTQ Technologies Corporation, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Namecheap Incorporated,<br><br>　　　　　Defendant. | No. CV-26-02485-PHX-SHD (Lead)<br>No. CV-26-03103-PHX-SHD (Cons.)<br><br>**ORDER** |
| BTQ Technologies Corporation, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Nicolas Roussy Newton, et al.,<br><br>　　　　　Defendants. | |

On June 23, 2026, Plaintiffs moved for alternative service of Defendant Nicolas Roussy Newton under Federal Rule of Civil Procedure 4(f)(3). (Doc. 57.) Plaintiffs assert that Roussy Newton's exact whereabouts are unknown, that he is believed to be in Hong Kong[1] but has no fixed known address and is staying at one or more luxury hotels. (Doc. 57-2 at ¶¶ 2–4.) Roussy Newton has obtained counsel to represent him in this matter, but his counsel has declined to accept service on his behalf. (*Id.* at ¶ 9.) Because Roussy Newton's address is unknown, Plaintiffs seek leave to serve Roussy Newton with the

---

[1]　Roussy Newton's emails mostly indicate that he is in Hong Kong, but at least one indicates his presence in Korea. (*See* Doc. 57-3 at 43.)

Summons, Consolidated Complaint, and all subsequently filed papers by email.

Rule 4(f)(3) authorizes service on a foreign individual "by other means not prohibited by international agreement, as the court orders." The Hague Service Convention (the "Convention") "specifies certain approved methods of service and pre-empts inconsistent methods of service." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017) (quotation marks omitted). The Convention does not apply "where the address of the person to be served with the document is not known." Hague Service Convention art. 1, T.A.I.S. No. 6638, 20 U.S.T. 361 (Feb. 10, 1969); *see also Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 2020 WL 9422392, at *2 (N.D. Cal. 2020) *report and recommendation adopted* 2021 WL 1717080 (N.D. Cal. 2021) (authorizing email service under Rule 4(f)(3) to a defendant in China whose address was unknown). When the Convention does not apply, district courts may authorize alternative service under Rule 4(f)(3) so long as the chosen method comports with due process—that is, is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (finding email to be an acceptable form of alternative service).

Because Roussy Newton's address is unknown, the Hauge Convention does not apply, and alternative service may be ordered under Rule 4(f)(3). Plaintiffs have presented significant evidence that Roussy Newton is monitoring and responding to his email address. (*See* Doc. 57-2 at ¶¶ 14–31.) I have previously directed Plaintiffs to notify Roussy Newton of proceedings in this court by email, and he has both responded to those notices and, in one instance, appeared remotely to a court proceeding as a result. (*See, e.g.*, Docs. 14, 16.) Thus, email service is reasonably calculated to appraise Roussy Newton of the pendency of this action and afford him an opportunity to respond.

Accordingly,

///

**IT IS ORDERED** granting Plaintiffs' Motion for Alternative Service (Doc. 57). Plaintiffs may serve Defendant Nicolas Roussy Newton with the Summons, Consolidated Complaint, and all subsequently filed papers by email at nicolasalexandre@me.com pursuant to Federal Rule of Civil Procedure 4(f)(3).

Dated this 24th day of June, 2026.

Honorable Sharad H. Desai
United States District Judge